IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN LUTHER<br>2931 20TH St. NW<br>Canton, Ohio 44708<br><br>Plaintiff,<br><br>v.<br><br>DELANOR, KEMPER & ASSOCIATES, LLC<br>448 Ralph David Abernathy Blvd.<br>Atlanta, Georgia 30312<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:10-cv-00900<br><br>JURY DEMAND ENDORSED HEREON<br><br>VERIFIED CIVIL COMPLAINT<br>(Unlawful Debt Collection Practices) |

**VERIFIED COMPLAINT**

SUSAN LUTHER (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against the DELANOR, KEMPER & ASSOCIATES, LLC (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

PLAINTIFF'S VERIFIED COMPLAINT

1

## PARTIES

6. Plaintiff is a natural person who resides in Canton, Stark County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

7. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

8. Defendant is a debt collector with an office in Atlanta, Georgia.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant placed a collection call to Plaintiff on March 30, 2010 and demanded a payment of $1,300.00 by 5 p.m. on March 31, 2010.

12. Defendant threatened that Plaintiff would be arrested at her place of employment if she did not make the payment by March 31, 2010.

13. Defendant called Plaintiff on March 31, 2010 and demanded a payment of $650.00 immediately and the remaining balance on April 14, 2010.

14. Defendant threatened that Plaintiff would be arrested if Plaintiff did not make these payments.

15. Defendant (employee and employee's supervisor) identified itself as an "investigator" to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

    b. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt;

    c. Defendant violated *§1692e(5)* of the FDCPA by threatening to have the Plaintiff arrested even though Defendant does not intend to do so;

    d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means to attempt to collect a debt because Defendant stated it was an investigator;

    e. Defendant violated *§1692f(1)* of the FDCPA by using unfair and unconscionable means to attempt to collect the debt that is not expressly authorized by agreement creating the debt or permitted by law; and

WHEREFORE, Plaintiff, SUSAN LUTHER respectfully requests judgment be entered against Defendant, DELANOR, KEMPER & ASSOCIATES, LLC for the following:

17. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

    *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, SUSAN LUTHER, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: /s/ Peter Cozmyk
     Peter Cozmyk,
     Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive
Suite 140
Independence, Ohio 44131
phone: (216) 901-0609
fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, SUSAN LUTHER, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SUSAN LUTHER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

4-7-10
Date

SUSAN LUTHER